**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3888-23

GOLD TREE SPA, INC., GOLD
GARDEN OF WALL TOWNSHIP
INC., and OK SIM BAIK,

      Plaintiffs-Respondents,

v.

PD NAIL CORP., CD NAIL CORP.,
HEE JUNG KIM and SOOK HEE KIM,

      Defendants,

and

PD NAIL CORP., CD NAIL CORP.,
HEE JUNG KIM, and SOOK HEE KIM,

      Third-Party Plaintiffs-Appellants,

v.

GRACEFUL NAILS OF BRIELLE LLC
and SOON WEA SON,

      Third-Party Defendants-Respondents.

_____

Submitted November 5, 2025 – Decided March 9, 2026

Before Judges Sumners and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-3007-20.

Law Offices of Sarah Kim, LLC, attorney for appellants (H. Sarah Kim, on the briefs).

Campbell Legal Associates, PLLC, attorney for respondents Graceful Nails of Brielle, LLC and Soon Wea Son (Denise Campbell, of counsel and on the brief).

PER CURIAM

This matter returns to us following the trial judge's order of July 2, 2024, entering final judgment sanctioning defendants/third-party plaintiffs PD Nail Corp., CD Nail Corp., Hee Jung Kim, and Sook Hee Kim an additional $39,274.31 for filing frivolous litigation per N.J.S.A. 2A:15-59.1 and Rule 1:4-8.[1] Defendants/third-party plaintiffs appeal that order, as well as the orders of: (1) September 10, 2021, denying their motion to sanction third-party defendants for delinquent or obstructive conduct in discovery; (2) January 25, 2022, denying their motion to strike third-party defendant's answer due to failure to

---

[1] In Gold Tree Spa, Inc. v. PD Nail Corp., 475 N.J. Super. 240, 243-45 (App. Div. 2023), we affirmed the trial judge's order denying defendants' motion to enforce their settlement agreement with plaintiffs Gold Tree Spa, Inc., Gold Garden of Wall Township Inc., and Ok Sim Baik reached during a mediation session because plaintiffs did not sign the draft settlement agreement.

provide discovery; (3) March 4, 2022, granting third-party defendants Graceful Nails of Brielle LLC and Soon Wea Son summary judgment dismissal of the third-party claims; (4) May 27, 2022, denying their motion for reconsideration of the March 4, 2022 summary judgment order ; (5) May 27, 2022, denying their cross-motion for counsel fees; (6) May 27, 2022, granting third-party plaintiffs' motion for sanctions and reimbursement of costs and attorney's fees; (7) April 6, 2023, sanctioning them to pay third-party defendant's costs and attorney's fees in the amount of $25,685.68; (8) May 4, 2023, granting final judgment to third-party defendants in the amount of $25,685.68; (9) August 28, 2023 order, denying their motion for reconsideration of March 4, 2024 summary judgment and the May 27, 2022 order; (10) August 28, 2023, denying their motion for leave to file an amended third-party complaint without prejudice; (11) August 28, 2023, denying their motion to vacate the May 4, 2023 judgment; (12) August 28, 2023, granting third-party defendants' motion to turn over funds; (13) September 1, 2023, enforcing third-party defendants' rights to enforce judgment; (14) January 5, 2024, granting third-party defendants' motion to correct clerical errors in May 4 final judgment; (15) January 5, 2024, granting third-party defendants' motion for additional sanctions and reimbursement of costs and fees; (16) January 5, 2024, granting third-party defendants' motion to release

3

$25,685.68 being held in the their counsel's trust account; and (17) June 18, 2024, awarding third-party defendants additional attorney's fees in the amount of $39,274.31. We affirm.

As we previously detailed, this dispute stems from plaintiffs Gold Tree Spa, Inc., Gold Garden of Wall Township Inc., and Ok Sim Baik's intended sale of two nail salons—Sharon Nails and Ceci Nails—to defendants/third-party plaintiffs. Gold Tree Spa, Inc., 475 N.J. Super. at 242. The sale was not finalized despite defendants/third-party plaintiffs' $550,000 down payment and their operation of the nail salons. Ibid.

Plaintiffs filed suit in September 2020. Defendants/third-party plaintiffs' then filed a third-party complaint against Soon Wea Son—the manager of Ceci Nails who resigned during the nail salon's sale negotiations—and Graceful Nails of Brielle LLC, the new nail salon she opened in November 2020. Id. at 242-43. Defendants/third-party plaintiffs asserted claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and tortious interference with contractual rights and economic advantages. The claims were based on the assertion that Soon had "a non-compete agreement" with Ok Sim, which Soon breached by opening Graceful Nails.

A-3888-23

Over the course of the next fourteen months, discovery and motion practice occurred, culminating in Judge Mara E. Zazzali-Hogan's March 4, 2022 order granting summary judgment to third-party defendants and dismissing defendant/third-party plaintiffs' claims with prejudice based on her application of Rule 4:46-2 and Brill v. Guardian Life Ins. Co, of Am., 142 N.J. 540 (1995). In an oral decision, the judge determined that the linchpin for the third-party complaint was defendants/third party plaintiffs' assertion that they suffered losses in operating Ceci Nails because Soon violated a non-compete agreement with Ok Sim by opening a competing nail salon, Graceful Nails. Because there was no evidence of a non-compete agreement beyond Sook Hee's unsupported self-serving statement nor agreement terms, the judge found no basis for the third-party complaint claims. Regarding defendants/third-party plaintiffs' claim that the summary judgment motion was premature due to incomplete discovery, the judge maintained that discovery closed four months ago and there was no pending motion to compel discovery.

On May 27, 2022, the judge entered an order and rendered an oral decision denying reconsideration of summary judgment. Applying Palombi v. Palombi, 414 N.J. Super. 274 (App. Div. 2010) and Cummings v. Bahr, 295 N.J. Super. 374 (App. Div. 1996), the judge found that because the "prior decision was based

A-3888-23

on binding precedent and there[] [was] nothing to suggest that discovery on material issues was incomplete, . . . reconsideration would be contrary to the interest of justice."

Defendant/third-party plaintiffs challenge the March 4, 2022, May 27, 2022, and August 28, 2023 orders related to summary judgment dismissal of their third-party complaint and reconsideration of the orders. Based upon our de novo review, Giannakopoulos v. Mid State Mall, 438 N.J. Super. 595, 599 (App. Div. 2014), and applying "the same standard governing the trial [judge]," Oyola v. Liu, 431 N.J. Super. 493, 497 (App. Div. 2013), summary judgment was appropriate based on the sound reasoning set forth in the judge's oral decision. There is no basis to disturb Judge Zazzali-Hogan's order denying reconsideration of summary judgment, given her oral ruling. The judge did not abuse her discretion by declining to vacate the summary judgment order. See 257-261 20th Ave. Realty, LLC v. Roberto, 259 N.J. 417, 436 (2025) (declaring we review the denial of a motion to alter or amend a judgment under Rule 4:50-1 for an abuse of discretion). Her decision was rationally explained and consistent with established law. See Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002). Accordingly, we conclude there is no merit to defendant/third-party plaintiffs' arguments that granting summary judgment was improper

6

because discovery was incomplete, genuine issues of material facts existed, and third-party defendants tortiously interfered with defendants' contractual rights and economic advantage. Likewise, there is no merit to defendant/third-party plaintiffs' argument that the judge applied the wrong standard of review and did not provide a legal basis for her reconsideration ruling.

Defendants/third-party plaintiffs also challenge the May 27, 2022, April 6, 2023, May 4, 2023, September 1, 2023, January 5, 2024, June 18, 2024, and July 2, 2024 orders related to the attorney's fees and costs sanctions. Based on the sound reasoning set forth by the judge in her written decisions, we discern no abuse of the discretion in her sanctions or in the amounts awarded to third-party defendants. Further, the denial of defendants/third-party plaintiffs' cross-motion for attorney's fees was appropriate. See Borough of Englewood Cliffs v. Trautner, 478 N.J. Super. 426, 437 (App. Div. 2024) (citation omitted) ("A trial court's decision to order frivolous lawsuit sanctions is reviewed under an abuse of discretion standard."). Defendants/third-party plaintiffs presented no competent evidence of the non-compete agreement before filing their complaint. See Belfer v. Merling, 322 N.J. Super. 124, 144 (App. Div. 1999) (finding that a complaint is frivolous when "it is not supported by credible evidence"). And once discovery was completed, they had no basis to assert there was a non-

compete agreement.  See United Hearts, LLC v. Zahabian, 407 N.J. Super. 379, 390 (App. Div. 2009) (internal citations omitted) (internal quotation marks omitted) (holding that "continued prosecution . . . based on facts . . . known to the party after the filing of the initial pleading" may constitute a frivolous claim). Moreover, third-party defendants complied with procedural requirements to sanction defendants/third-party plaintiffs by notifying defendants/third-party plaintiffs to dismiss their claims due to the absence of any legal or factual basis. See R. 1:4-8 and N.J.S.A. 2A:15-59.1.

To the extent we have not addressed any of the remaining arguments of defendants/third-party plaintiffs, we conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

A-3888-23